## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| Geico Choice Insurance Company, | 2:24-cv-00602-CDS-MDC |
| Plaintiff(s), | |
| vs. | **ORDER GRANTING IN PART AND DENYING IN PART MOTION TO SERVE BY PUBLICATION OR ALTERNATIVE MEANS AND EXTEND TIME FOR SERVICE (ECF No. 6)** |
| David S. Golden, | |
| Defendant(s). | |

Plaintiff Geico Choice Insurance Company filed a *Motion to Serve By Publication Or Alternative Means And Extend Time For Service.* (Motion). ECF No. 6. The Court GRANTS the motion IN PART. The Court will allow plaintiff an additional 90 days to serve the defendants but denies the request to serve by publication without prejudice, with leave to refile, in 45 days, since service by publication is a last resort.

**I. LEGAL STANDARD**

The Federal Rules of Civil Procedure provide for service within the United States pursuant to the law of the state in which the district court is located, or in which service is made. See, e.g., FRCP 4(e)(1). Rule 4 states that "the plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m)[.] Service by publication may only be ordered when the defendant cannot, after due diligence, be found, seeks to avoid service by concealment or is an absent or unknown person in an action involving real or personal property. NRCP 4.4(c)(1)(A)-(C). There are several factors courts consider to evaluate a party's due diligence, including the number of attempts made to serve the defendant at his residence and other methods of locating defendants, such as consulting public directories and family members. See *Price v. Dunn*, 106 Nev. 100, 102-104, 787 P.2d 785, 786-787 (Nev. 1990). Other courts have recognized that in light of "due process concerns, service by publication must be allowed 'only as a last resort.'" *Hernandez v. Russell*, No. 320CV00114MMDCSD, 2022 WL

347552, at *2 (D. Nev. Feb. 4, 2022), citing to *Price v. Thomas*, No. 21-cv-06370-DMR, 2021 WL 5564795, at *1 (N.D. Cal. Nov. 29, 2021) (emphasis added; citation and quotation marks omitted). This is because "it is generally recognized that service by publication rarely results in actual notice." *Id*. (citation and quotation marks omitted). District courts retain broad discretion to permit service-of-process extensions under Rule 4(m). See *Mann v. Am. Airlines*, 324 F.3d 1088, 1090 (9th Cir. 2003). Regarding extensions, "a district court may consider factors 'like statute of limitations bar, prejudice to the defendant, actual notice of a lawsuit, and eventual service.'" *Efaw v. Williams*, 473 F.3d 1038, 1041 (9th Cir. 2007) (quoting *Troxell v. Fedders of N. Am. Inc*., 160 F.3d 381, 383 (7th Cir. 1998)). "Nothing in Rule 4 obliges a defendant to execute a waiver of service." *Troxell*, 160 F.3d at 383. A defendant, "that wants to stand on formalities, for whatever reason, is entitled to do so, as long as it is willing to pay for the privilege." *Id*.

## II. ANALYSIS

Plaintiff filed this Complaint in March pertaining to a coverage dispute in two different cases in the Central District of California. ECF No. 1. Plaintiff asks the Court to be allowed to serve individual defendant David Golden by publication. ECF No. 6. Plaintiff alleges they attempted service on the defendant at two different addresses. *Id.* at 6. Plaintiff states that their investigator talked to the defendant on his cellphone, and he agreed to accept service, but when they tried to call him back on two occasions, they could not reach him. *Id.* Plaintiff alleges that the defendant is represented by both defense counsel and personal counsel, but counsel has not agreed to accept service. *Id.* The Court finds that plaintiff has not shown sufficient diligence in attempting to serve defendant. Plaintiff has not shown that it has investigated other likely sources of information to locate and serve the defendant prior to seeking the last resort of service by publication. For example, plaintiff has not provided the Court authority why the process server in Arizona can be prevented from serving defendant at his residence by front desk staff.   Plaintiff also fails to show diligence in attempting to serve defendant's counsel, or

obtain a waiver of service of process per Rule 4. The Court has broad discretion to permit an extension under Rule 4. The defendant will not be prejudiced by a 90 day extension. Defendant also apparently has actual notice of this lawsuit, as he is represented by counsel, and defendant spoke to the process server, so eventual service is probable.

ACCORDINGLY,

**IT IS ORDERED that:**

1. Plaintiff's *Motion to Serve By Publication Or Alternative Means And Extend Time For Service* (ECF No. 6) is GRANTED AND DENIED IN PART.

2. Plaintiff's request to serve the defendant by publication is DENIED WITHOUT PREJUDICE with leave to refile on or after **Monday, September 9, 2024** if service cannot be achieved.

3. Plaintiff Geico's request for an extension of time to serve the defendant is GRANTED: plaintiff has until **Thursday, October 24, 2024** to serve the defendant.

DATED this 26th day of July 2024.

IT IS SO ORDERED.

_____
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge

3