UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Geico Choice Insurance Company,<br><br>                Plaintiff<br><br>v.<br><br>David S. Golden,<br><br>                Defendant | Case No. 2:24-cv-00602-CDS-MDC<br><br>**Order Granting Plaintiff's Motion for Summary Judgment and Denying Defendant's Motion for Reconsideration**<br><br>[ECF Nos. 23, 31] |

This is a declaratory judgment action brought by plaintiff Geico Choice Insurance Company (GEICO) against defendant David Golden. *See* Compl., ECF No. 1. GEICO seeks judgment declaring that it has no contractual duty to defend or indemnify Golden under an automobile insurance policy in two separate actions[1] currently pending in the Central District of California ("the California Actions"). *Id.* at 2. There are two motions pending before the court: (1) GEICO's motion for summary judgment, and (2) the defendant's motion for consideration of my order denying a stay of this action. Mot. for summ. j., ECF No. 23; Mot. for recons., ECF No. 31. Both motions are now fully briefed.[2] For the reasons explained herein, I grant GEICO's motion for summary judgment and deny Golden's motion for reconsideration.

I.     **GEICO is entitled to summary judgment.**

     **A.  Legal standard**

Summary judgment is appropriate when the pleadings and admissible evidence "show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing Fed. R. Civ. P. 56(c)). At the summary judgment stage, the court views all facts and draws all inferences in the light most favorable to the nonmoving party. *Kaiser Cement Corp. v. Fishbach & Moore, Inc.*, 793 F.2d 1100,

---

[1] *Anya Roberts, et al. v. EXP Realty, LLC, et al.*, No 2:23-cv-10492 (C.D. Cal.); *Fabiola Acevedo, et al. v. EXP Realty, LLC, et al.*, No. 2:23-cv-01304 (C.D. Cal.).

[2] Opp'n to recons., ECF No. 32; Opp'n to summ j., ECF No. 33; Reply to mot. for recons., ECF No. 34; Reply to mot. summ. j, ECF No. 35.

1103 (9th Cir. 1986). A "mere disagreement or the bald assertion that a genuine issue of material fact exists" is not enough to defeat summary judgment. *Harper v. Wallingford*, 877 F.2d 728, 731 (9th Cir. 1989).

Once the moving party satisfies Rule 56 by demonstrating the absence of any genuine issue of material fact, the burden shifts to the party resisting summary judgment to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986); *Celotex*, 477 U.S. at 323. A fact is material if it "might affect the outcome of the suit" based on the governing law, and a dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* at 248. "To defeat summary judgment, the nonmoving party must produce evidence of a genuine dispute of material fact that could satisfy its burden at trial." *Sonner v. Schwabe N. Am., Inc.*, 911 F.3d 989, 992 (9th Cir. 2018). The nonmoving party "may not rely on denials in the pleadings but must produce specific evidence, through affidavits or admissible discovery material, to show that the dispute exists." *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991).

### B.  Undisputed facts

#### 1.  *The Policy*[3]

David S. Golden is the only named insured on the Policy, and the coverage period ran from January 25, 2018, through July 25, 2018. ECF No. 1-1 at 14. The vehicle identified in the Policy is a 2013 Lexis GS 350, bearing VIN number JTHBE1BL6D5014788. *Id.* The Policy states:

> **LOSSES WE WILL PAY FOR YOU UNDER SECTION I**
> Under Section I, we will pay damages which an ***insured*** becomes legally obligated to pay because of:
> 1.   ***Bodily injury***, sustained by a person, and;

---

[3] The Policy Number is 4474-15-80-13 ("the Policy"). *See* Pl.'s Ex. A, ECF No. 1-1. As explained further herein, Golden contends that this is the wrong policy, but fails to provide admissible evidence to support his claim, so this policy is undisputed. *See* Fed. R. Civ. P. 56(e)(2) ("If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for purposes of the motion.").

2. Damage to or destruction of property, arising out of the ownership, maintenance or use of the *owned auto* or a *non-owned auto*. We will defend any suit for damages payable under the terms of this policy. We may investigate and settle any claim or suit.

ECF No. 1-1 at 9. The Policy defines bodily injury as "bodily injury to a person, including resulting sickness, disease or death." *Id.* The Policy defines "owned auto" as

(a) A vehicle described in this policy for which a premium charge is shown for these coverages;
(b) A *trailer* owned by *you*;[4]
(c) *A private passenger, farm* or *utility auto* which *you* acquire ownership of during the policy period or for which *you* enter into a lease for a term of six months or more during the policy period, if
(i) it replaces an *owned auto* a defined in (a) above; or
(ii) We insure all *private passenger, farm* and *utility autos* owned or leased by *you* on the date of the acquisition, and *you* ask us to add it to the policy no more than 30 days later;
(d) A *temporary substitute auto*.

*Id.* The relevant provisions of the Policy's EXCLUSIONS section state the following:

**When Section I Does Not Apply**

Section I does not apply to any claim or suit for damage if one or more the exclusions listed below applies.
. . .
2.    *Bodily injury* or property damage caused intentionally by or at the direction of an *insured* is not covered.

. . .
5.    *Bodily injury* to an employee of an *insured* arising out of and in the course of employment by an *insured* is not covered.
However, *bodily injury* of a domestic employee of the *insured* is covered unless benefits are payable or are required to be provided under a workers' or workmen's compensation law.
6.    We do not cover *bodily injury* to a fellow employee of an *insured* if the fellow employee's *bodily injury* arises from the use of an auto while in the course and scope of employment and if workers' compensation or other similar coverage is available. We will defend *you* if suit is brought by a fellow employee against *you* alleging use, ownership or maintenance of an auto by **you**.

*Id.* at 19.

---

[4] "You" is also defined as follows: "*You* or *your* means the policyholder named in the declarations or his or her spouse if a resident of the same household." ECF No. 1-1 at 9.

## 2. *The California Actions*

It is also undisputed that in 2023, David Golden was sued in two separate actions in United States District Court for the Central District of California. *See* Pl.'s Ex. B ECF No. 1-2, Complaint in *Anya Roberts, et al. v. EXP Realty, LLC, et al.*, No. 2:23-cv-10492 (C.D. Cal.); Pl.'s Ex. C, ECF No. 1-3, Complaint in *Fabiola Acevedo, et al. v. EXP Realty, LLC, et al.*, No. 2:23-cv-01304 (C.D. Cal.). Both actions, which are still pending,[5] allege numerous law violations including but not limited to sexual assault and battery, sex trafficking, and additional claims. *See id.* The allegations that give rise to both complaints take place between 2018 and 2022. *See id.* It is undisputed that Golden's attorney initiated a claim with GEICO seeking coverage for both defense and indemnification for the California Actions. Since February 28, 2024, GEICO has been defending Golden pursuant under a reservation of rights.[6]

### C. Discussion

GEICO moves for summary judgment because the Policy it issued to Golden "provides no coverage for either defense or indemnity for the claims and damages sought in" the California Actions. ECF No. 23 at 2. They assert that neither of the complaints in the California Actions allege any facts related to "the ownership, maintenance or use of Defendant's insured 2013 Lexus," and neither complaint in the California Actions make any reference to the Lexus that was covered by the Policy. *Id.* at 4.

Golden opposes the motion, arguing that summary judgment is inappropriate at this stage because of "genuine disputes of material fact that cannot be resolved without full development through discovery." Opp'n, ECF No. 33 at 4. He further argues that because GEICO is currently defending Golden under a reservation of rights "while knowing coverage existed" and failing to investigate, then later "reversing court without new facts," it has created issues of

---

[5] I take judicial notice of the dockets in both actions and note that they are still pending.

[6] Golden does not dispute GEICO is defending him pursuant a reservation of rights letter. Instead, his opposition raises waiver and estoppel arguments. *See* ECF No. 33 at 10 ("The Reservation of Rights Letter Is Not A Get Out Of Jail Card."); *See also, id.* at 30 (defendant's expert noting that a reservation of rights letter was sent to Golden on February 28, 2024). A copy of the letter was attached to GEICO's reply. *See* Ex. A., ECF No. 35-1.

"waiver and estoppel." *Id.* He contends that testimony from his insurance expert, Barry Zalma, shows GEICO's conduct of defending Golden under a reservation of rights and then failing to investigate, and then later "reversing course without new facts" implicates waiver and estoppel issues, so summary judgment should be denied. *Id.* at 4–7.

In reply, GEICO argues that Golden's arguments are grounded in a "fundamental misunderstanding of the law with respect to the duty to defend," and that his arguments as to Rule 56(d) and waiver and estoppel are flawed. *See* ECF No. 35. GEICO asserts Golden confuses and conflates the duty to defend with the question of coverage, and that this motion is one of contract interpretation so determination by the court is appropriate. *Id.*

As a threshold matter, I must determine if I have jurisdiction over this action. The Declaratory Judgment Act provides that a federal court "may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). Under this Act, a court may grant declaratory relief "in a case ... within its jurisdiction." *Id.* The Declaratory Judgment Act provides, "[i]n a case of actual controversy within its jurisdiction . . . any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201(a). In *Eureka Federal Savings & Loan Association v. American Casualty Co.*, 873 F.2d 229 (9th Cir. 1989), the Ninth Circuit determined that declaratory judgment actions are justiciable when: (1) the judgment will serve a useful purpose in clarifying and settling the legal relations in issue, and (2) when it will terminate and afford relief from uncertainty, insecurity, and controversy giving rise to the proceeding. *Id.* at 231. In determining if the action is justiciable, the principal question is "whether . . . there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Lake Carriers' Ass'n v. MacMullan*, 406 U.S. 498, 506 (1972) (quoting *Md. Casualty Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 273 (1941)). The Ninth Circuit has long held that a dispute between an insurer and its insureds over the duties imposed by an insurance contract satisfies Article III's case and

controversy requirement. *See Gov't Emps. Ins. Co. v. Dizol*, 133 F.3d 1220, 1222 n.2 (9th Cir. 1998). Thus, I find this court does have jurisdiction over this dispute, so I turn to determining whether GEICO has any obligations under the Policy.

Nevada broadly interprets insuring clauses as to afford the greatest possible coverage to the insured. *See Nat'l Union Fire Ins. Co. v. Reno's Executive Air*, 682 P.2d 1380, 1383 (Nev. 1984). And "[b]ecause the Insurer is the one to draft the policy, an ambiguity in that policy will be interpreted against the insurer." *Powell v. Liberty Mut. Fire Ins. Co.*, 252 P.3d 668, 672 (Nev. 2011). As a result, "clauses excluding coverage are interpreted narrowly against the insurer," *Nat'l Union Fire Ins. Co.*, 682 P.2d at 1383, so "if an insurer wishes to exclude coverage by virtue of an exclusion in its policy, it must (1) write the exclusion in obvious and unambiguous language in the policy, (2) establish that the interpretation excluding [coverage] under the exclusion is the only interpretation of the exclusion that could fairly be made, and (3) establish that the exclusion clearly applies to this particular case." *Powell*, 252 P.3d at 674. Ultimately, policies are construed from the perspective of a layman rather than from "one trained in the law" and absent ambiguity, terms are to be given their plain and ordinary meaning. *McDaniel v. Sierra Health & Life Ins. Co., Inc.*, 53 P.3d 904, 906 (Nev. 2002).

Further, in Nevada, an insurer bears a duty to defend whenever it ascertains facts which give rise to the potential of liability under the policy. *United Nat'l Ins. Co. v. Frontier Ins. Co.*, 99 P.3d 1153, 1158 (Nev. 2004). On the other hand, "[t]here is no duty to defend when there is no potential for coverage," *id.*, and if there is no duty to defend, then there is no duty to indemnify. *See Nautilus Ins. Co. v. Access Med., LLC*, 2016 WL 5429650, at *5 (D. Nev. Sep. 27, 2016). *United National Insurance Co.* cautions, however, that if there is any doubt about whether the duty to defend arises, then this doubt must be resolved in favor of coverage. 99 P.3d at 1158.

GEICO is entitled to summary judgment. There is no evidence before the court that *any* of the allegations in the California Actions occurred while the Policy was in effect.[7] Indeed, a review of the allegations suggests, at most, that the plaintiffs had limited encounters with Golden during the Policy's effective period. *See* ECF Nos. 1-1, 1-2. In fact, there are no allegations in the complaints that the California cases' plaintiffs were in Nevada during the Policy's effective period, nor that they were ever in Golden's Lexus during that period. *Id.*

Further, the plain language of the Policy, which is not addressed by Golden at all in his opposition, makes clear that Golden is not entitled to coverage. The Policy states that two conditions must be met to trigger coverage: (1) a person must suffer bodily injury, and (2) there must be damage to or destruction of property **arising out of the ownership maintenance or use of the owned auto**. ECF No. 1-1 at 9. While both complaints in the California Actions involve bodily injury (sexual assault and battery), neither makes any mention or reference to Golden's Lexus (the owned auto), much less damage to or destruction of property arising out of the ownership, maintenance, or use of that that vehicle. Golden's expert witness does not save this conclusion because he does not provide any opinions as to how the claims set forth in the California Actions "aris[e] out of the ownership, maintenance or use of the owned auto." Instead, he states that "the language 'arising out of the ownership, maintenance, or use' of a motor vehicle has been interpreted broadly in some cases across the United States and determining whether the allegations in the underlying complaints could conceivably implicate the insured vehicle requires a factual analysis and thorough investigation." ECF No. 33 at 33, ¶ 55. But this mere suggestion that that language "has been interpreted broadly in some cases" is not conclusory and provides no admissible evidence in support thereof.

Golden's arguments that GEICO's conduct gives way to waiver and estoppel arguments, thus defeating summary judgment, are unpersuasive. I address waiver first. Golden contends

---

[7] In his opposition, Golden argues that GEICO relies on the wrong policy. ECF No. 33 at 12. But he fails to provide the court a copy of what is ostensibly the "right" policy—i.e. admissible evidence—for the court's consideration. Thus, this argument is insufficient to preclude summary judgment.

that GEICO's decision to defend Golden pursuant to a reservation of rights letter, while knowing of the coverage question, gives rise to a question of fact as to whether GEICO's conduct constitutes waiver. A party waives a legal right when it intentionally relinquishes a known right. *See Thompson v. North Las Vegas*, 833 P.2d 1132, 1134 (Nev. 1992) (holding that waiver requires an "intentional relinquishment of a known right," and an effective waiver "must occur with full knowledge of all material facts"). Waiver can also be implied from conduct that illustrates an intention to waive a right, or by displaying conduct inconsistent with any other intention than to waive a right. *See Am. Guarantee & Liab. Ins. Co. v. Flangas McMillan Law Grp., Inc.*, 2012 WL 628511, at *5 (D. Nev. Feb. 24, 2012) (citing *McKellar v. McKellar*, 871 P.2d 296, 297 (Nev. 1994)). Whether a waiver has occurred is generally a question for the factfinder. *See, e.g., McKellar*, 871 P.2d at 297. However, here, this court can determine there was no waiver. Because Golden is opposing summary judgment, he must present significant and probative evidence to support his claim or defense. *Intel Corp. v. Hartford Accident & Indem. Co.*, 952 F.2d 1551, 1558 (9th Cir. 1991). Golden fails to cite or provide any competent evidence to suggest that GEICO intentionally relinquished a known right; instead, he merely argues there is a "possibility of waiver." *Chabot v. Wash. Mut. Bank*, 2007 Bankr. LEXIS 4980, at *48 (Bankr. D. Mont. May 10, 2007) (explaining that reliance on attorney argument alone is insufficient to create a genuine issue of material fact).

On the other hand, there is no dispute that GEICO explicitly reserved its rights. *See* ECF No. 35-1 at 6. "Nevada law 'does not allow a litigant to use waiver to extend the coverage or scope of an insurance policy to include claims expressly excluded from the contract' absent evidence of misconduct, such as 'sandbagging,' failing to investigate a claim, or where the insured relied on the insurer's misrepresentation to [their] detriment." *First Nat. Bank of Ely v. Progressive Cas. Ins. Co.*, 2012 WL 5944847, at *10 (D. Nev. Nov. 27, 2012) (quoting *Prime Ins. Syndicate, Inc. v. Damaso*, 471 F. Supp. 2d 1087, 1098–99 (D. Nev. 2007)). There is no evidence to support any allegations of misconduct. Instead, Golden argues that there is no evidence to support waiver because he has not yet taken the deposition of GEICO's Rule 30(b)(6) witness,

and that it was not scheduled until after his opposition to this motion was due, so summary judgment is precluded, and Rule 56(d) relief is warranted. *See* ECF No. 33 at 6–10. But this is speculative at best. And this motion has long been pending. Nothing precluded Golden from filing a motion to supplement his opposition or to file a surreply.

Further, "Rule 56(d) offers relief to a litigant who, faced with a summary judgment motion, shows the court by affidavit or declaration that 'it cannot present facts essential to justify its opposition.'" *Michelman v. Lincoln Nat'l Life Ins. Co.*, 685 F.3d 887, 899 (9th Cir. 2012). When evaluating a Rule 56(d) motion, I consider (1) "whether the movant had sufficient opportunity to conduct discovery," (2) "whether the movant was diligent," (3) "whether the information sought is based on mere speculation," and (4) "whether allowing additional discovery would preclude summary judgment." *Butler v. Progressive Direct Ins. Co.*, 772 F. Supp. 3d 1185, 1202 (D. Nev. 2025) (citing published Ninth Circuit cases for each factor)). Golden fails to demonstrate that Rule 56(d) relief is warranted. His motion is wholly speculative that the deposition, or additional discovery, would reveal some sort of misconduct. Further, relief under 56(d) is not warranted because the plain language of the Policy shows GEICO coverage is not required.

Golden's arguments that estoppel "might" apply also fails. To establish estoppel, a litigant must establish four elements: "(1) the party to be estopped must be apprised of the true facts; (2) [they] must intend that [their] conduct shall be acted upon, or must so act that the party asserting estoppel has the right to believe it was so intended; (3) the party asserting the estoppel must be ignorant of the true state of facts; (4) [the party] must have relied to his detriment on the conduct of the party to be estopped." *In re Harrison Living Tr.*, 112 P.3d 1058, 1062 (Nev. 2005). Whether equitable estoppel applies is "generally a question of fact" but is a question of law "when only one inference can be drawn from the facts." *Id.* at 1061. Golden produces no evidence to support his argument that estoppel may apply here. There is no dispute that GEICO has been defending Golden pursuant to a reservation of rights and there is no

evidence showing he was not apprised of that fact. Golden's expert attempts to create a genuine issue of material fact to preclude summary judgment by opining,

> "Based on my review of the heavily redacted claim file materials produced by GEICO (though heavily redacted), it is evident that GEICO lulled Golden into the belief, because they did not promptly deny coverage based on information they had at the first notice of the claim and funded independent defense counsel Golden for many months."

ECF No. 33 at 33, ¶ 49. But this is inconsistent with the fact that GEICO sent Golden the reservation of rights letter *one month* after Golden filed a claim under the Policy. And the letter fully informed Golden that if it determined that the claims/lawsuit were not covered under the Policy, then it reserved all of it rights and remedies to deny or disclaim coverage, to decline to defend or continue to defend Golden, to decline to indemnify Golden against any judgment that may be entered against him, and to file a declaratory action. ECF No. 35-1 at 16.

There is no evidence that Golden was "lulled" in to being defended by GEICO, much less that he detrimentally relied on GEICO providing that defense without knowing they could decline to continue defending him.

## II.    Golden's motion for reconsideration is denied.

On November 27, 2024, Golden moved for a stay of this action, arguing that, until additional discovery could be done in the underlying cases, any decision here would be premature. *See* ECF No. 11. After considering the briefing and the dockets in the two underlying cases, I denied the motion to stay because discovery deadlines had concluded in those cases, so a stay was not relevant. *See* ECF No. 30. Golden filed a motion for reconsideration of that order on July 21, 2025. ECF No. 31. Therein, Golden advises he mistakenly failed to provide the court with updated information regarding discovery in the California Actions. *See id.* He contends that the updated information contained in his motion for reconsideration warrants reconsideration of my decision to deny a stay of this action. *Id.*

Under Federal Rule of Civil Procedure 59(e), "a motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999) (citing *School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993)); *see also* LR 59-1(a) (noting that "[a] party seeking reconsideration under this rule must state with particularity the points of law or fact that the court has overlooked or misunderstood."). Further, a "Rule 59(e) motion may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000).

Golden's motion for reconsideration is denied for two reasons. First, the correct discovery deadlines in the California Actions, which was the primary reason for seeking a stay could have been addressed in the original motion. But, per Golden's own admission, he did not cite the correct information in the original motion. Thus, this is not a basis to grant his motion. Second, the motion is denied as moot because GEICO is entitled to summary judgment.

**III.     Conclusion**

IT IS THEREFORE ORDERED that GEICO's motion for summary judgment **[ECF No. 23] is GRANTED.**

IT IS FURTHER ORDERED that Golden's motion to reconsideration **[ECF No. 31] is DENIED.**

The Clerk of Court is kindly directed to enter judgment in favor of GEICO, declaring that GEICO has no contractual duty to indemnify or defend defendant David S. Golden in the California Actions.

Dated: February 23, 2026

_____
Cristina D. Silva
United States District Judge

11